IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEREMIE MONTGOMERY,     )<br>    Plaintiff,     )<br>    )<br>v.     )<br>    )<br>INTERNATIONAL BROTHERHOOD     )<br>OF ELECTRIAL WORKERS AFL-CIO     )<br>(IBEW) Local 429, et al.,     )<br>    Defendants.     ) | Civil Action No. 3: 23-cv-01262<br>Judge Trauger/Frensley |

## REPORT AND RECOMMENDATION

This fee-paid, pro se employment discrimination action is before the Court on defendant union's motion to dismiss for failure to state a claim or for a more definite statement. Docket No. 12. Plaintiff opposes the motion, and the matter is fully briefed. For the reasons set forth below, the undersigned recommends defendant's motion to dismiss be granted and the claims against defendant union be dismissed.

### I.     BACKGROUND

Jeremie Montgomery worked for Conti Corporation ("Conti"), for approximately twelve weeks until Conti terminated him on May 26, 2021. He filed his pro se court form complaint for employment discrimination against Conti and the International Brotherhood of Electrical Workers (IBEW) Local 429 ("Local 429" or "Union"), alleging he was discriminated against based on his race, black, in violation of Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981. Docket No. 1, p. 2-4. Plaintiff checked three boxes on the form and complained of discriminatory conduct pertaining to: (1) his termination; (2) unequal terms and conditions of employment; and (2) retaliation. *Id.*

Plaintiff attached approximately 20 pages of factual allegations to his form complaint. He

alleges the following. He is a black male who worked for Conti from March 3 through May 26, 2021. Docket No. 1, p. 11. During his time working there, he worked inside the federal courthouse in Nashville, Tennessee. Id. He was covered by a collective bargaining agreement with Local 429. Id. at p. 12. He was terminated against his will on May 26, 2021, purportedly for a lack of work. Id.

During his employment, Jimmy Allen, his Conti foreman and supervisor, who was "a proud Trump supporter who openly expressed his political views at work," disrespected and reprimanded Plaintiff for objecting to Allen's ideas. *Id.* Disagreements between Plaintiff and Allen began when Plaintiff disclosed to Allen certain racist incidents with his former employer. Docket No. 1, pp. 14-16. Allen told Plaintiff that he believed the KKK was a good organization with a noble cause upon its inception and that it helped maintain order in the South. Id. p. 14. Allen ultimately agreed that "he would not say the N-word around [Plaintiff]." Id., pp. 15 and 19.

During the next few months, Plaintiff felt very awkward working around Allen. Id., p. 17. He felt like Allen treated him differently from his coworkers. Id. Matters came to a head on May 26, 2021, when Allen pressured Plaintiff to run down an unfinished stairway. When Plaintiff made his way to the bottom floor Allen tried to bully and pressure him to quit and find a new career. Id. pp. 18-19. Before he was laid off, Plaintiff and other employees voiced complaints to Nashville Electrical Joint Apprenticeship and Training Committee ("NJACT") Director Stephen Hall about Allen's comments. Id. p. 13. Hall asked Plaintiff if he wanted to move to another site, and according to Plaintiff, "[n]othing was done and the harassment continued until Plaintiff had enough." Id., p. 14. Later that day, Conti terminated Plaintiff's employment on the grounds that "the Federal courthouse project was nearing its completion" and therefore his work was no longer needed. Id., p. 21. Conti offered Plaintiff another job with Maryland Electric, however, he did not

like the offer because he would have to sit at home for a week without pay and Maryland Electric did not offer much per diem and overtime like Conti did. Id. Plaintiff complained to Hall that he was being terminated for speaking out against Allen's conduct. Id.

At some time, Plaintiff complained to Local 429 about the incident and spoke with President Kim Swanson. Id., p. 22. Swanson advised Plaintiff that Tennessee is an at-will state, and there was nothing she could do about it. She advised him to go join another union in another state. Id. p. 23.

Plaintiff alleges he filed a complaint with the Tennessee Human Rights Commission ("THRC") against Local 429 and Conti in May 2021. Id., p. 11. Plaintiff was issued a notice-of-right-to-sue from the EEOC on September 26, 2023. Id., p. 11.

Plaintiff alleges three counts: his termination constituted unlawful discrimination under and Title VII and 42 U.S.C. § 1981 (Count I); Id. pp. 23-25; retaliation under Title VII (Count II) Id. p. 26; and breach of the collective bargaining agreement (CBA) under Section 301 of the LMRA (Count III). Id., pp. 26-27. For relief, Plaintiff seeks damages, reinstatement of his Union membership, and other things. Id., p. 28.

Plaintiff attached to his complaint a copy of his EEOC Notice of Right to Sue issued on September 26, 2023.[1] Docket No. 1-1, pp. 3-4. Plaintiff did not submit a copy of a complaint or charge of discrimination.

Defendant Local 429 now moves to dismiss for failure to state a claim or for a more definite statement. Docket No. 12. The Union argues Plaintiff asserts only one cause of action against it, a claim for breach of the duty of fair representation under Section 301 of the Labor Management

---

[1] A page of his notice appears to be missing.

Relations Act ("LMRA") and that it is time-barred by the statute of limitations. Docket No. 13, p. 1. The union asserts Plaintiff failed to exhaust administrative remedies for his claims of race discrimination under Title VII and § 1981 and that he has otherwise failed to state a claim. Docket No. 13, pp. 1-2.

Plaintiff opposes the motion. He filed an objection to the motion, Docket No. 14, and the Union filed a reply. Docket No. 16. He then submitted six additional filings in response to defendant's motion, largely reiterating the allegations in his complaint. Docket Nos. 17, 24, 29, 33-35. He does not respond or otherwise substantively address defendant's arguments.

## II. DISCUSSION

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at 677-78 (2009) (quoting Fed. R. Civ. P 8(a)(2)).

To survive a motion to dismiss, the factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. A plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998). In the employment context,

while a plaintiff is not required to plead all elements of a *prima facie* case to survive a motion to dismiss, she still must meet the *Iqbal* general plausibility requirement. *Thomas v. Tennessee Dep't of Hum. Servs.*, No. 3:21-CV-00426, 2022 WL 2286780, at *8 (M.D. Tenn. June 23, 2022).

Generally, the Court should liberally construe pro se pleadings, holding them to less stringent standards than those drafted by lawyers. *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)(cleaned up). Nevertheless, courts are not required to conjure up unpleaded allegations or guess at the nature of an argument. *Brown v. Cracker Barrell Rest.,* 22 F.App'x 577, 578 (6th Cir. 2001*).* The complaint "still must allege sufficient facts to support the claims advances." *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumed facts that have not been pleaded."). The Court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Wiles v. Capitol Indem. Corp.,* 280 F.3d 868, 870 (8th Cir. 2002). Nor are pro se litigants exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

### 1. Title VII and § 1981 Discrimination Claims

In Count I Plaintiff asserts his termination constitutes unlawful discrimination, in violation of Title VII and 42 U.S.C. § 1981. Title VII prohibits, broadly speaking, "employer discrimination on the basis of race, color, religion, sex, or national origin, in hiring, firing, salary structure, promotion and the like. *Univ. of Texas S.W. Med. Ctr. v. Nassar*, 570 U.S. 338 (2013). The prima facie elements of a discrimination claim under Title VII are plaintiff (1) is a member of a protected group; (2) was subjected to an adverse employment decision; (3) was qualified for the position; and (4) was replaced by a person outside the protected class, or a similarly situated non-protected

employee was treated more favorably.' " *Evans v. Walgreen Co.*, 813 F. Supp. 2d 897, 921 (W.D. Tenn. 2011) (quoting *Corell v. CSX Transp., Inc.*, 378 F. App'x 496, 501 (6th Cir. 2010)). The elements of a prima facie case are not inflexible and vary slightly with the specific elements of each case. *Breeding v. Arthur J. Gallagher and Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999).

An employment discrimination complaint does not need to contain specific facts establishing a prima facie case to survive a motion to dismiss for failure to state a claim. *See Swierkiewicz v. Sorema*, 534 U.S. 506, 510-12 (2002). The elements of a prima facie case are relevant, however, as they are "part of the background against which a plausibility determination should be made." *Blomker v. Jewell*, 831 F.3d 1051, 1056 (8th Cir. 2016) citing *Rodriguez-Reyes v. Molina-Rodriguez*, 711 F.3d 49, 57 (1st Cir. 2013)); "); *see also Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) ("While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in her complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a plausible claim.")

The gist of Plaintiff's discrimination claim seems to be that he was unlawfully terminated and that his foreman Jimmy Allen treated him in a discriminatory manner. Plaintiff does not indicate whether he is bringing the claims under Title VII or § 1981, therefore the Court will construe the claims as arising under both statutes. Regardless, the substantive analysis of discrimination and retaliation claims brought under. . . § 1981 mirrors that for a Title VII claim. *Hollywood v. United Parcel Service, Inc.*, 2021 WL 1244312, at *5 (M.D. Tenn. Mar. 15, 2021), *report and recommendation adopted*, 2021 WL 1238414 (M.D. Tenn. Apr. 1, 2021) (Trauger, J.).

Plaintiff's allegations against the Union fail to state a claim as a matter of law for several reasons. Plaintiff's factual allegations do not reference specific allegedly discriminatory conduct by the Union. As part of his LMRA claim, plaintiff alleges Local 429 did not have a union steward

available to speak on his behalf nor did the Union process his grievance, but otherwise does not set forth any specific factual allegations to support a claim of discrimination against the union. Moreover, Plaintiff did not attach the entire EEOC Notice or his charge, calling into question whether he properly exhausted his Title VII claim against the Union.

The Court will therefore construe Plaintiff's claim as a breach of the union's duty of fair representation for a discriminatory reason. *Cf. Allen-Amos v. Ford Motor Co.*, 2020 WL 4334880, at *8 (S.D. Ohio Jul. 28, 2020) (construing claim as alleging that defendant union failed to file a grievance on her behalf in violation of Plaintiff's civil rights"). To establish a breach of the duty of fair representation, Plaintiff must show (1) his employer violated the collective bargaining agreement with respect to himself; (2) the union permitted the violation to go unrepaired, thereby breaching the duty of fair representation; and (3) the union's actions "were motivated by discriminatory animus based upon Plaintiff's protected class." *Allen-Amos*, 2020 WL 4334880, at *8.

An allegation that a union failed to file a grievance, without more, does not create a presumption that it breached its duty of fair representation. *See Wade v. Gen. Motors Corp.*, 1997 WL 1764766, at *8 (S.D. Ohio Mar. 17, 1997), *aff'd*, 165 F.3d 29 (6th Cir. 1998) (union's mere refusal to file a grievance would not "allow a reasonable jury to infer that such refusals were the result of unlawful discrimination"). A Plaintiff must show the union's conduct toward him was 'arbitrary, discriminatory, or in bad faith.' *Vaca v. Sipes*, 386 U.S. 171, 190 (1967) (citations omitted).

The complaint here does not allege any facts to raise an inference that Local 429's actions were motivated by discriminatory animus. *See Allen-Amos*, 2020 WL 4334880, at *8. The complaint alleges the Union failed to file a grievance on Plaintiff's behalf, Tennessee is an at will

state and a contractor does not need just cause for termination even if it is discriminatory. Docket No. 1, p. 23, Simply put Plaintiff does not assert facts that Local 429 refused to file a grievance because of racial animus against him. *Allen-Amos*, 2020 WL 4334880, at *8 (where plaintiff failed to plead any facts to suggest defendant's failure to file grievances was motivated by animus toward plaintiff based on his protected class, the claims were properly dismissed for failure to state a claim.).

Taking all of Plaintiff's allegations as true and construing the pleadings in the light most favorable to Plaintiff, on this record, the undersigned therefore recommends that Defendant's motion to dismiss be granted.

### 2. Retaliation Claim

In Count II, Plaintiff asserts "defendant" retaliated against him for engaging in protected activity when he brought complaints of racist behavior to Conti and Union supervisors and was immediately terminated without warning. Docket No. 1, p. 26

To establish a prima facie case of retaliation under Title VII, a plaintiff must establish: (1) he engaged in activity protected by Title VII; (2) his exercise of protected activity was known by the defendant; (3) the defendant took an action that was materially adverse to the plaintiff; and (4) a causal connection existed between the protected activity and the materially adverse action. *Passmore v. Mapco Express, Inc.,* 447 F. Supp. 3d 654, 668 (M.D. Tenn. 2017). A claim of retaliation under Title VII is not based upon discrimination, "but instead upon an employer's actions taken to punish an employee who makes a claim of discrimination. *Haas v. Kelly Servs., Inc.*, 409 F.3d 1030, 1036 (8th Cir.2005) abrogated in part on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011). Title VII retaliation claims "must be proved according to traditional principles of but-for causation," which "requires proof that the unlawful retaliation

would not have occurred in the absence of the alleged wrongful action or actions of the employer." *Univ. of Texas S. W. Med, Ctr. v. Nassar*, 570 U.S, 338 (2013).

Here, Conti, not the Union, was Plaintiff's employer. The Union therefore could not take any adverse employment actions against Plaintiff. Plaintiff has not provided authority suggesting otherwise. For this reason, the undersigned recommends Plaintiff's claim for retaliation should be dismissed for failure to state a plausible claim for relief.

### 3. Section 301 Claim

Count III asserts a claim for breach of the collective bargaining agreement (CBA) under Section 301 of the Labor Management Relations Act ("LMRA") The Union moves to dismiss plaintiff's LMRA claim on the basis that it is barred by the applicable statute of limitations. The Court agrees.

The six-month statute of limitations of § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b), governs hybrid Section 301/fair representation actions such as this one. *DelCostello v. Int'l Brotherhood of Teamsters*, 462 U.S. 151, 170 (1983). The statute of limitations for a § 301 claim is six months, starting from when plaintiff reasonably "should have known that the union has abandoned his claim" *Id.* at 4 (quoting *Saunders v. Ford Motor Co.*, 879 F.3d 742, 751 (6th Cir. 2018); *see also Schuver v. MidAmerican Energy Co.*, 154 F.3d 795, 800 (8th Cir. 1998) (citations and internal quotations omitted)(a § 301 claim accrues "when the claimant discovers, or in the exercise of reasonable diligence, should have discovered, the acts constituting the alleged violation.").

Plaintiff alleges his dispute with Local 429 arose on or about May 26, 2021, the day he was terminated, when he contacted Local 429's president for assistance and she declined. Docket No. 1, pp. 23, 27. Plaintiff alleges he filed a complaint with the THRC against Local 429 and Conti

based on this same conduct sometime in "May 2021." *Id.*[2] Taking Plaintiff's allegations as true, *Bonner*, 2022 WL 4137282, at *5, Plaintiff's § 301 cause of action accrued on or around May 26, 2021. Plaintiff filed this lawsuit on November 30, 2023, well after the six-month statute of limitations.

Federal courts have the power to toll the statute of limitations in hybrid § 301 actions. *See American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 559 (1974). Under appropriate circumstances, the six-month period is subject to estoppel and equitable tolling. Equitable tolling arises only "upon some positive misconduct" by the defendant deliberately designed to lead the plaintiff not to bring an action within the required time. *See Skyberg v. United Food and Comm'l Workers Int'l Union*, 5 F.3d 297, 302 (8th Cir. 1993).

Assuming that Plaintiff filed a complaint against the union with the THRC, his § 301 claim is not saved by any tolling from the purported THRC investigation. There is no requirement that a hybrid section 301 claim be first brought before the EEOC or the NLRB. *See Johnson v. Artim Transp. Sys., Inc.,* 826 F.2d 538, 548 (7th Cir. 1987). A Section 301 claim is "based in part on rights under the collective bargaining agreement," so it "is independent of a claim under Title VII, . . . [and] the time for filing a section 301/fair representation claim is not tolled by pursuing a Title VII claim with the EEOC." *Id.* Accordingly, courts have declined to toll the statute for a hybrid 301 claim based on concomitant filings with federal or state administrative agencies. *See e.g., Thompson v. General Linen Supply Co.*, 2018 WL 3770062, at *2 (E.D. Mich. Aug. 9, 2018). The appropriate course is for a plaintiff to file his LMRA claims within the six-month statute of limitations and move for a stay in the district court pending the outcome of Title VII administrative

---

[2] Plaintiff's alleged complaint is not contained in the file. Local 429 states it is unaware of any complaint filed by Plaintiff against it with the THRC.

proceedings. Alternatively, a plaintiff may file an LMRA action separately, seek a notice of right-to-sue on his Title VII claim from the EEOC after 180 days, and amend his complaint to include the Title VII claim. *Hussein v. the Waldorf Astoria, Hotel, Rest. & Club Emp'ees & Bartenders, Local #6,* 2000 WL 16928, at *3 (S.D.N.Y. 2000). In this case Plaintiff instead filed his LMRA claim beyond the LMRA's six-month statute of limitations. His claim against Local 429 under Section 301 is therefore time barred and should be dismissed.

### III. CONCLUSION

Based on the foregoing, the undersigned recommends that defendant Local 429's motion to dismiss, Docket No. 12, be **GRANTED**, and the claims against it be dismissed.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn*, 474 U.S. 140, (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

                                                                                       **JEFFERY S. FRENSLEY**
                                                                                       **United States Magistrate Judge**